1  COOLEY LLP
   MICHAEL G. RHODES (116127) (rhodesmg@cooley.com)
2  MATTHEW D. BROWN (196972) (brownmd@cooley.com)
   KYLE C. WONG (224021) (kwong@cooley.com)
3  KAREN L. BURHANS (303290) (kburhans@cooley.com)
   101 California Street, 5th Floor
4  San Francisco, CA  94111-5800
   Telephone:    (415) 693-2000
5  Facsimile:    (415) 693-2222

6  Attorneys for Defendant
   TWITTER, INC.

7

8                   UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10                    SAN FRANCISCO DIVISION

11

12  JASON PARKER, individually and on behalf       Case No.  3:16-CV-04884 WHA
    of all others similarly situated,

13                                                  **DEFENDANT TWITTER, INC.'S REQUEST
                                                    FOR CONSIDERATION OF DOCUMENTS**
                    Plaintiff,                      **INCORPORATED INTO PLAINTIFF'S**
14                                                  **COMPLAINT AND, IN THE ALTERNATIVE,**
          v.                                        **FOR JUDICIAL NOTICE IN SUPPORT OF**
15                                                  **DEFENDANT'S MOTION TO DISMISS**
    HEY, INC., a Delaware corporation, and          **PLAINTIFF'S COMPLAINT**
16  TWITTER, INC., a Delaware corporation,

17                  Defendants.                     Date:       December 8, 2016
                                                    Time:       8:00 a.m.
18                                                  Courtroom:  8 - 19th Floor
                                                                450 Golden Gate Avenue
19                                                              San Francisco, CA 94102

20                                                  Judge:      The Hon. William Alsup
                                                    Trial Date: Not yet set
21

22

23

24

25

26

27

28

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** on December 8, 2016 at 8:00 a.m. or as soon thereafter as it may be heard in the above-entitled court, located at 450 Golden Gate Avenue, San Francisco, CA 94102 (Courtroom 8, 19th Floor), Defendant Twitter, Inc. ("Twitter"), in support of its concurrently filed Motion to Dismiss Plaintiff's Complaint ("Motion to Dismiss"), will and hereby does request:

(1)   That the Court (a) consider the version of the Twitter Terms of Service ("TOS") in effect when Plaintiff claims to have signed up for Twitter in May 2008, those versions of the TOS and Privacy Policy  ("Privacy Policy") effective from May 18, 2015 through September 30, 2016, and the Twitter sign-up page in effect in 2008 ("Sign-up Page"), as incorporated into Plaintiffs' Complaint ("Complaint"), or (b) in the alternative, take judicial notice of these documents.  True and correct copies of these documents are attached as Exhibits A, B[1], C, D, E, F, and G[2] to the concurrently filed Declaration of Ricardo Castro in Support of Defendant Twitter's Motion to Dismiss Plaintiff's Complaint ("Castro Declaration").

(2)   That the Court consider screenshots of the "Famous: Celebrity Twitter" mobile app ("Famous App Screenshots") as incorporated into the Complaint.  True and correct copies of these screenshots are included in paragraphs 4 and 6 of the Declaration of Karen Burhans in Support of Defendant Twitter, Inc.'s Motion to Dismiss Plaintiff's Complaint ("Burhans Declaration").

These requests are made pursuant to Federal Rule of Civil Procedure 12, Federal Rule of Evidence 201, and applicable legal principles, and are based on the instant notice and request, the points and authorities in support thereof, the Motion to Dismiss and the points and authorities in

---

[1] Attached to the Castro Declaration as Exhibits A and B are screenshots of the Sign-up Page in effect in October 2007 and October 2008, respectively.  As there are no material differences between these exhibits, they will be referred to here, collectively, as the "Sign-up Page."

[2] Version 1 of the Twitter TOS, attached to the Castro Declaration as Exhibit C, was in effect in May 2008.  Version 9 of the Twitter TOS, attached to the Castro Declaration as Exhibit D, was in effect from May 18, 2015 until January 27, 2016.  Version 10 of the Twitter TOS, attached to the Castro Declaration as Exhibit F, was in effect from January 27, 2016 until September 30, 2016.  Version 10 of the Twitter Privacy Policy, attached to the Castro Declaration as Exhibit E, was in effect from April 17, 2015 until January 27, 2016.  Version 11 of the Twitter Privacy Policy, attached to the Castro Declaration as Exhibit G, was in effect from January 27, 2016 until September 30, 2016.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1.

DEFENDANT TWITTER, INC.'S REQUEST FOR
CONSIDERATION OF DOCUMENTS
NO. 3:16-CV-04884 WHA

1    support thereof, the Castro Declaration and all exhibits thereto, the Burhans Declaration and all

2    exhibits thereto, all pleadings and papers on file in this matter, and such other matters as may be

3    properly considered by the Court at the time of hearing or otherwise.

4                          **MEMORANDUM OF POINTS AND AUTHORITIES**

5            Twitter's TOS and Privacy Policy (Exhibits C, D, E, F, and G to the Castro Declaration), the

6    Sign-up Page (Exhibits A and B to the Castro Declaration), and the Famous App Screenshots (included

7    as paragraphs 4 and 6 of the Burhans Declaration) are incorporated into the Complaint and are thus

8    properly before the Court on Twitter's Motion to Dismiss.  In the alternative, the Court should take

9    judicial notice of the Twitter TOS and Privacy Policy, as well as the Sign-up Page, when ruling on the

10   Motion to Dismiss.

11   **I.      LEGAL STANDARDS**

12           "[C]ourts must consider the complaint in its entirety, as well as other sources courts ordinarily

13   examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into

14   the complaint by reference, and matters of which a court may take judicial notice."  *Tellabs, Inc. v.*

15   *Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *accord*, *e.g.*, *Skilstaf, Inc. v. CVS Caremark*

16   *Corp.*, No. C 09-02514 SI, 2010 U.S. Dist. LEXIS 2662, at *8 (N.D. Cal. Jan. 13, 2010) (same).  This

17   rule exists "in order to '[p]revent [] plaintiffs from surviving a Rule 12(b)(6) motion by deliberately

18   omitting . . . documents upon which their claims are based . . . .'"  *Swartz v. KPMG LLP*, 476 F.3d

19   756, 763 (9th Cir. 2007).

20           If a plaintiff's claim "depends" on the content of a document, that document should be treated

21   as incorporated into the complaint, even if it is not attached to, or its contents referenced by, the

22   complaint.  *See Knievel v. ESPN,* 393 F.3d 1068, 1076 (9th Cir. 2005) ("We have extended the

23   'incorporation by reference' doctrine to situations in which the plaintiff's claim depends on the

24   contents of a document, the defendant attaches the document to its motion to dismiss, and the parties

25   do not dispute the authenticity of the document, even though the plaintiff does not explicitly allege the

26   contents of that document in the complaint.").  Indeed, this Court has found "[a] document not

27   appended to a complaint 'may be incorporated by reference into a complaint if the plaintiff refers

28   extensively to the document *or* the document forms the basis of the plaintiff's claim.'"  *Avila v. Wells*

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2.

DEFENDANT TWITTER, INC.'S REQUEST FOR
CONSIDERATION OF DOCUMENTS
NO. 3:16-CV-04884 WHA

1  *Fargo Bank*, No. C 12-01237 WHA, 2012 WL 2953117, at *2 n.3 (N.D. Cal. July 19, 2012) (Alsup,

2  J.) (emphasis added) (quoting *United States v. Ritchie,* 342 F.3d 903, 908 (9th Cir. 2003)); *see also*

3  5B Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure*

4  § 1357 (3d ed. 1998) ("Numerous cases, as the note below reflects, have allowed consideration of

5  matters incorporated by reference or integral to the claim.").

6        When ruling on a motion to dismiss, a court may also consider any matter that is subject to

7  judicial notice. *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986); *Tellabs*, 551 U.S.

8  at 322.  Judicial notice is appropriate for facts "not subject to reasonable dispute" that are either

9  generally known within the jurisdiction of the trial court or "can be accurately and readily determined

10  from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b).  Further, "as a

11  general matter, websites and their contents may be proper subjects for judicial notice" provided that

12  the party provides the court with a copy of the relevant webpage.  *Caldwell v. Caldwell*, No. C 05-

13  4166 PJH, 2006 WL 618511, at *4 (N.D. Cal. Mar. 13, 2006); *see also Frances Kenny Family Trust*

14  *v. World Sav. Bank FSB*, No. C 04-03724 WHA, 2005 WL 106792, at *1 n.1 (N.D. Cal. Jan. 19, 2005)

15  (Alsup, J.) (finding content on the "plaintiffs' website to be proper matter for judicial notice");

16  *Kinderstart.com, LLC v. Google, Inc.*, No. 06-cv-2057 JF (RS), 2007 WL 831806, at *21 n.20 (N.D.

17  Cal. Mar. 16, 2007) (noticing content on the defendant's website).

18  **II.  THE COURT SHOULD CONSIDER THE TOS, PRIVACY POLICY, SIGN-UP PAGE, AND FAMOUS
19  APP SCREENSHOTS AS INCORPORATED INTO THE COMPLAINT**

20        The Alabama Right of Publicity Act creates a right of action only where a plaintiff's indicia of

21  identity has been used "without consent."  Alabama Code § 6-5-772.  As such, Plaintiff's claim

22  *depends* on the absence of consent.  (Motion to Dismiss at 13-15.)  Understanding this, Plaintiff

23  repeatedly alleges that Twitter shared aspects of Plaintiff's Twitter account with Hey, Inc. without

24  Plaintiff's consent.  (Compl. ¶¶ 1, 2, 4, 5, 40, 45, 46, 47, 63, 67.)  But by agreeing to Twitter's TOS,

25  which incorporates the Privacy Policy, Plaintiff expressly consented to the conduct alleged in the

26  Complaint.[3]  (*See* Castro Decl. ¶¶ 11-13, 14-16; Castro Decl. Exs. D, E, F, G.)  Indeed, Plaintiff agreed

27

28  ———————————
[3] In fact, Plaintiff's counsel introduced the version of the Twitter TOS in effect from May 18, 2015
until January 27, 2016 (attached as Ex. D to the Castro Decl.) in recent litigation before this Court,

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3.

DEFENDANT TWITTER, INC.'S REQUEST FOR
CONSIDERATION OF DOCUMENTS
NO. 3:16-CV-04884 WHA

1   to Twitter's TOS when he signed up for a Twitter account in May 2008.  (Compl. ¶ 43; Castro Decl.

2   ¶ 2; Castro Decl. Exs. A, B.)

3         Plaintiff has attempted to side-step these facts by omitting reference to the Twitter terms from

4   his Complaint.  But where an element of a claim is the absence of consent, a defendant's terms of

5   service and privacy policy that show plaintiff consented to the alleged conduct should be treated as

6   incorporated into the complaint, even if the terms and policy are not referenced in the complaint.

7   *Garcia v. Enter. Holdings, Inc.*, 78 F. Supp. 3d 1125, 1136–37 (N.D. Cal. 2015), *appeal dismissed*

8   (June 29, 2015) (incorporating the defendant's terms of service and privacy policy).  In *Garcia*, the

9   complaint omitted any reference to the terms of service and privacy policy that governed plaintiff's

10  relationship with the defendant.  *Id*. at 1136.  In considering these agreements, the court noted:

11          Plaintiff alleges that he signed up to use Zimride but never consented to the disclosure
12          of his personal information. But to use Zimride, Plaintiff necessarily had to agree with
            Zimride's TOS and Privacy Policy, which clearly state that such information may, in
13          fact, be disclosed.  Because Plaintiff's claim necessarily depends on the application of
            Zimride's policies—which relate directly to the issue of consent—the Court finds that
14          these documents may appropriately be considered on a motion to dismiss.

15

16  *Id*.  Here, likewise, in deciding Twitter's Motion to Dismiss, the Court should consider the version of

17  Twitter's TOS in effect in May 2008, those versions of the TOS and Privacy Policy in effect between

18  April 17, 2015 and September 30, 2016, as well as the Sign-up Page from when Plaintiff initially

19  signed up for Twitter and agreed to the Twitter TOS.  The authenticity of these exhibits cannot

20  reasonably be disputed, given that they can be verified against publicly available webpages.  (Castro

21  Decl. ¶¶ 3, 10, 14, 19, 21.)  The Court should treat Exhibits A, B, C, D, E, F, and G to the Castro

22  Declaration as incorporated into the Complaint.

23         Additionally, the Court should consider the Famous App Screenshots, included in paragraphs

24  4 and 6 of the Burhans Declaration, when ruling on the Motion to Dismiss.  The Complaint refers

25  noting that the exhibit, which is materially identical to the copy provided here, was a "true and accurate
26  copy" of the Twitter TOS.  (Amended Complaint, *Raney v. Twitter*, No. 3:15-cv-04191-WHA, ¶ 10
    n.2 (N.D. Cal. Sept. 30, 2015) (ECF 23) (attaching as Exhibit A the TOS effective May 18, 2015).)
27  Plaintiff's counsel also alleged that when Twitter users signs up for Twitter they "agree" to Twitter's
    TOS.  (*Id*. ¶¶ 14, 45 ("To begin using Twitter, a consumer selects a unique Twitter username, provides
28  contact information, and agrees to Defendant's Twitter Terms of Service.").)

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4.

DEFENDANT TWITTER, INC.'S REQUEST FOR
CONSIDERATION OF DOCUMENTS
NO. 3:16-CV-04884 WHA

extensively to the Famous App and includes multiple screenshots taken from the App (*e.g.*, Compl. ¶¶ 4, 25, 39), and Plaintiff may not selectively omit those aspects of the App that defeat his claim. *Avila*, 2012 WL 2953117, at *2 n.3; *Ritchie*, 342 F.3d at 908.

**III.    IN THE ALTERNATIVE, THE COURT SHOULD TAKE JUDICIAL NOTICE OF THE TOS AND PRIVACY POLICY, AS WELL AS THE SIGN-UP PAGE**

In the alternative, if the Court finds that the TOS, Privacy Policy, and Sign-up Page are not incorporated into the Complaint, the Court should take judicial notice of them.  The existence of the TOS and Privacy Policy and the accuracy of the copies of these documents provided (attached as Exhibits C, D, E, F, and G to the Castro Declaration) cannot be questioned.  *See Wible v. Aetna Life Ins. Co.*, 375 F. Supp. 2d 956, 965 (C.D. Cal. 2005) (noting that judicial notice is proper where a document's authenticity is beyond dispute and granting judicial notice as to a publicly viewable website).  All of these documents are available on Twitter's website.[4]  (Castro Decl. ¶¶ 3, 10, 14, 19, 21.)  The Twitter Sign-up Page, attached as Exhibits A and B to the Castro Declaration, is also publicly available online and its authenticity is not reasonably in dispute.[5]  *See Perkins v. LinkedIn Corp.*, 53 F. Supp. 3d at 1204 ("Proper subjects of judicial notice when ruling on a motion to dismiss include . . . publically accessible websites").

**IV.    CONCLUSION**

For these reasons, in connection with the Motion to Dismiss, Twitter respectfully requests that the Court consider those versions of the Twitter TOS and Privacy Policy in effect at the relevant times, the Sign-up Page, and the Famous App Screenshots as incorporated into the Complaint or, alternatively, that the Court take judicial notice of the TOS, Privacy Policy, and Sign-up Page.

---

[4]  The current version and all past versions of Twitter's TOS can be found at: https://twitter.com/tos/previous?lang=en.  The current version and all past versions of Twitter's Privacy Policy can be found at: https://twitter.com/privacy/previous?lang=en.

[5] The Sign-up Page remained materially the same from October 2007 through October 2008.  (*See* Castro Decl. ¶ 2.)  The Sign-up Page as it appeared in October 2007 is available at: https://web.archive.org/web/20071030232554/https://twitter.com/signup.  The Sign-up Page as it appeared in October 2008 is available at https://web.archive.org/web/2008103023244/https://twitter.com/signup.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5.

DEFENDANT TWITTER, INC.'S REQUEST FOR
CONSIDERATION OF DOCUMENTS
NO. 3:16-CV-04884 WHA

1

2      Dated:  November 2, 2016                    COOLEY LLP

3
                                                  /s/ Matthew D. Brown
4                                                 Matthew D. Brown
                                                  Attorneys for Defendant
5                                                 TWITTER, INC.

6      137907021

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COOLEY LLP
ATTORNEYS AT LAW                    6.
SAN FRANCISCO